Wachtler, J.
(concurring). I agree that complaints of "educational malpractice” are for school administrative agencies, rather than the courts, to resolve.
There is, however, another even more fundamental objection to entertaining plaintiffs cause of action alleging educational malpractice. It is a basic principle that the law does not provide a remedy for every injury (Howard v Lecher, 42 NY2d 109, 113). As the majority notes, the decision of whether a new cause of action should be recognized at law is largely a question of policy. Critical to such a determination is whether the cause of action sought to be pleaded would be reasonably manageable within our legal system. The practical problems raised by a cause of action sounding in educational malpractice are so formidable that I would conclude that such a legal theory should not be cognizable in our courts. These problems, *446 clearly articulated at the Appellate Division, include the practical impossibility of proving that the alleged malpractice of the teacher proximately caused the learning deficiency of the plaintiff student. Factors such as the student’s attitude, motivation, temperament, past experience and home environment may all play an essential and immeasurable role in learning. Indeed as the majority observes proximate cause might "be difficult, if not impossible, to prove”.
I would, therefore, affirm the order of the Appellate Division on the ground that educational malpractice, as here pleaded, is not a cognizable cause of action.
Chief Judge Cooke and Judges Jones and Fuchsberg concur with Judge Jasen; Judge Wachtler concurs in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.